# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 15-01313-VAP (KKx)                    Date:  September 24, 2015

Title:       JODI LEE -v- WELLS FARGO BANK, N.A., ET AL.
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                                    None Present
        Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                                      DEFENDANTS:

        None                                                    None

PROCEEDINGS:          MINUTE ORDER DENYING MOTION TO REMAND AND
                                GRANTING MOTION TO DISMISS (IN CHAMBERS)

     On June 1, 2015, Plaintiff Jodi Lee ("Plaintiff") filed an action in California Superior Court for the County of San Bernardino alleging four state law claims.  On July 2, 2015, Defendant Wells Fargo ("Defendant") filed a Notice of Removal, removing the  action to this Court.  (Doc. 1.)  On July 24, 2015, Plaintiff  filed a Motion to Remand seeking to return the case back to the San Bernardino County Superior Court.  (Doc. No. 10.)

     On August 10, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), claiming it failed to state a claim upon which relief could be granted.  (Doc. No. 14.)

     After consideration of the papers filed in support of, and in opposition to, the

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 1

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

Motions, as well as the arguments advanced at the Motions hearing, the Court
DENIES the Motion to Remand and GRANTS the Motion to Dismiss with leave to
amend all claims.

# I.  BACKGROUND

## A.    Allegations in the Complaint

In November 2006, Plaintiff obtained a loan from World Savings Bank, FSB, to
finance her purchase of real property located at 9077 Mustang Road, Rancho
Cucamonga, CA 91701 ("Property").  (Not. Of Removal (Doc. No. 1) Ex. A
("Complaint").)  As evidence of the loan, she executed a promissory note and a deed
of trust as security for the note; the Trustee on the deed of trust was Golden West
Savings Co.  (Compl. ¶ 16.)

In January 2008, World Savings Bank, FSB, changed its name to Wachovia
Mortgage, FSB, which, in turn, converted and merged with Wells Fargo Bank, N.A.
("Wells Fargo"), in November 2009.  (Mot. to Dismiss at 1.)  Wells Fargo is the legal
successor to Plaintiff's original loan.  (Id. at 2.)  Furthermore, in February 2015, RTS
replaced Golden West Savings Co. as the trustee on Plaintiff's deed of trust.
(Compl. ¶ 16.)

In March 2015, Marille Hakkinen, on behalf of Wells Fargo, caused a Notice of
Default[1] to be recorded in the San Bernardino County Recorder's Office.  (Id. ¶ 18.)

_____

[1]It is unclear who filed the Notice of Default.  Plaintiff's Complaint states that
Marille Hakkinen filed the Notice of Default "on behalf of WELLS FARGO."  (Compl.
¶ 18.)  In her third cause of action, however, Plaintiff seems to imply that RTS filed
the Notice of Default.  (Compl. ¶¶ 31, 32.)  Defendant also seems to imply that RTS
recorded the Notice: "Plaintiff appears to have named RTS solely because it
recorded a Notice of Default as the substitute foreclosure trustee."  (Remand Opp'n
at 4.)  For purposes of both motions, this Court assumes that RTS filed the Notice of
Default, as all factual disputes are resolved in favor of the plaintiff.  See Charlin  v.
Allstate  Ins.  Co., 19 F. Supp. 2d  1137, 1140  (C.D. Cal.  1998) (regarding
fraudulent joinder and a motion to remand); Doe v. United States, 419 F.3d 1058,
(continued...)

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 2

Plaintiff now brings four causes of action[2] against Defendants Wells Fargo, RTS, and other Doe defendants:  (1) Violation of Cal. Civ. Code § 2923.55; (2) Quiet Title; (3) Violations of Cal. Civ. Code § 2923.6 and § 2923.7; and (4) Violations of California's Unfair Competition laws.  (Compl. ¶¶ 21-40.)

## B.   Procedural History

Plaintiff filed her Motion to Remand on July 24, 2015 (Doc. 10), to which the Defendant filed an Opposition on August 24, 2015.  (Doc. 17).

Defendant Wells Fargo filed its Motion to Dismiss Plaintiff's Complaint on August 14, 2015 (Doc. 14); Plaintiff filed her Opposition on (Doc. 16) August 24, 2015, to which Defendant replied (Doc. 18) on August 31, 2015.

The Court begins its analysis with Plaintiff's Motion to Remand.

## II.  LEGAL STANDARDS

_____

(...continued)
1062 (9th Cir. 2005) (regarding a motion to dismiss).

[2]Plaintiff asserts a "FIFTH CAUSE OF ACTION" for "[r]estitution of profits." (Compl. at 9.)  Restitution is a remedy for Defendant's alleged conduct and does not constitute a separate cause of action.  See In re iPhone Application Litigation, 844 F. Supp. 2d 1040, 1076 (N.D. Cal. 2012) ("However, like unjust enrichment, California does not recognize a cause of action for restitution."); Ogden v. Bumble Bee Foods, LLC, Case No.: 5:12-CV-01828-LHK, 2014 WL 27527, at *14 (N.D. Cal. Jan. 2, 2014) (holding that an unjust enrichment claim is "just a restitution claim" and that "there is no separate cause of action for unjust enrichment under California law"); Robinson v. HSBC Bank USA, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (holding that "[t]here is no cause of action for restitution, but there are various causes of action that give rise to restitution as a remedy.").  In fact, in her Motion to Remand, Plaintiff refers to the "(4) causes of action against Defendants."  (Mot. to Remand at 1.)  For purposes of both Motions, the Court will address the four claims in the Complaint.

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

## A.    Removal

Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court if the court has "original jurisdiction" over the matter.  "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  Here, Defendant invokes this Court's original jurisdiction on the basis of diversity of citizenship: that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."  28 U.S.C. § 1332(a).

For removal to be appropriate, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  This rule, however, does not apply to "nominal, unknown or fraudulently joined parties" and only applies to those defendants properly joined and served.  Emrich, 846 F.2d at 1193 n.1.

## B.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2))); Bell Atl. Corp. v Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                      Page 4

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F. 3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

## III.  DISCUSSION

### A.    Removal

Plaintiff argues removal was improper because (1) Defendant RTS did not

consent to and join in the removal, and (2) the amount in controversy does not exceed $75,000.  (Mot. to Remand at 2, 6.)

## 1.  Fraudulent Joinder

A party is fraudulently joined if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  Mercado v. Allstate Ins. Co., 340 F.3d 824, 286 (9th Cir. 2003) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

Plaintiff alleges four claims against RTS: (1) that RTS failed to provide Plaintiff with certain loan documents, in violation of Cal. Civ. Code § 2923.55; (2) that RTS has an interest in the property at issue that is adverse to that of Plaintiff; (3) that RTS filed a Notice of Default without waiting for the mortgage servicer to consider Plaintiff's loan modification application and that RTS failed to establish a single point of contact with regard to the loan application, in violation of Cal. Civ. Code § 2923.6 and § 2923.7; and (4) that RTS engaged in unfair business practices in dealing with Plaintiff, in violation of Cal. Bus. & Prof. Code § 17200. (Compl. ¶¶ 21-40.)

Plaintiff's first claim is not viable against Defendant RTS.  Under Cal. Civ. Code § 2923.55(b)(1)(B), a "mortgage servicer" must send to the borrower a "statement that the borrower may request" various loan documents including a copy of the borrower's promissory note as well as the deed of trust.  Defendant RTS is a trustee under the Deed of Trust; trustees are specifically excluded from the definition of a "mortgage servicer" under Cal. Civ. Code § 2920.5(a).  As such, Defendant RTS cannot be liable for a violation of § 2923.55(b)(1)(B).

Similarly, plaintiff's second claim seeking to quiet title to the Property also fails because at no time did Defendant RTS have an interest in the property, except as a trustee.  Defendant RTS does not now claim an interest in the property and was not a party to the deed that transferred the property to Wells Fargo.  (Remand Opp'n (Doc. No. 17) at 3.)

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

Plaintiff's third[3] and fourth claims, however, would constitute viable claims against RTS but for RTS's immunity to such claims under Cal. Civ. Code § 2924(d).

## 2. Immunity

In its third cause of action, Plaintiff alleged that Defendant RTS violated Cal. Civ. Code § 2923.6 by recording a notice of default without waiting for Wells Fargo, the mortgage servicer, to consider fully Plaintiff's loan modification application. (Compl. ¶¶ 31, 32.)  Plaintiff further alleges in her fourth cause of action that RTS's recording of this notice constituted an unfair business practice, in violation of California law.  (Compl. ¶¶ 37, 38.)  Finally, as a whole, the entire Complaint accuses all defendants of engaging in the practice of "dual tracking," whereby a lender seeks to foreclose on the property securing a loan at the same time a borrower seeks a loan modification.  (Compl. ¶ 19.)

Defendant argues RTS's actions as a trustee "are privileged" under Cal. Civ. Code § 2924(d).  (Not. of Removal at 3.)  That section provides that a trustee's filing of a notice of default is a "privileged communication[]" entitling it to immunity. (Remand Opp'n at 5.)  Statutory immunity under § 2924(d), however, is "not absolute; a finding of malice would permit Plaintiff's claims to proceed.  Malice requires a showing that a party acted with ill will or with reckless disregard for the truth."  Latino v. Wells Fargo Bank, N.A., No. 2:11-cv-02037-MCE-DAD, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011) (citing Kachlon v. Markowitz, 168 Cal. App. 4th 316, 336, 341 (2008)).

In this case, Plaintiff has not alleged any facts showing malice on the part of Defendant RTS, thus entitling Defendant RTS to immunity under § 2924(d).  Plaintiff

---

[3]Plaintiff claims a violation of Cal. Civ. Code § 2923.7, which states that a "mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."  As stated before, RTS is a trustee, not a "mortgage servicer," and thus is not liable under this statute.  Any viable claim she may have had would have only included her claim under Cal. Civ. Code § 2923.6.  As will be explained, however, the trustee's immunity forecloses a claim under § 2923.6 as well.

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

alleges that RTS's acts were "willful, oppressive, and malicious, in that [it] engaged in acts of unfair competition with the deliberate intent to injure Plaintiff." (Compl. ¶ 38.) This is a mere boilerplate allegation lacking any factual support. The standard for malice, however, requires some factual allegation that a party "acted with ill will or with reckless disregard for the truth." Latino, 2011 WL 4928880, at *3. Plaintiff does not offer any factual support as to how Defendant RTS acted maliciously; most of the allegations in her Complaint focus on the conduct of Defendant Wells Fargo.

A review of the cases where courts have denied immunity to trustees illustrates the factual detail entitling a plaintiff to such an outcome. In Nance v. Cal-Western Reconveyance Corporation, for example, the court denied immunity to trustee Cal-Western because it allegedly foreclosed on property although it knew that it lacked the authority to do so; the plaintiff specifically alleged that Cal-Western "did not have the legal authority to initiate the foreclosure proceedings *because it was not the actual trustee.*" No. LA CV14-07950 JAK (PLAx), 2015 WL 452747, at *4 (C.D. Cal. 2015) (emphasis added). In Latino, the court found malice adequately pled when the plaintiff averred that each defendant "was acting in concert with one another to, among other things, engage in deceptive business practices," including "acting as trustees without the requisite legal authority." Latino, 2011 WL 4928880, at *4.

Here, Plaintiff's Complaint lacks such allegations of wrongdoing on the part of Defendant RTS. Thus, RTS is entitled to invoke statutory immunity, and Plaintiff cannot state a claim against it. Hence, Plaintiff has fraudulently joined RTS in this action.

Remand is appropriate for another reason as well. As noted above, RTS is a nominal party to this action, and should be disregarded for purposes of removal. A nominal party is one "who has no interest in the action and is merely joined to perform a ministerial act." Perez v. Wells Fargo Bank, N.A., 929 F. Supp. 2d 988, 1003 (N.D. Cal. 2013) (citing Prudential Real Estate Affiliates, Inc. V. PPR Realty, Inc., 204 F.3d 867, 973 (9th Cir. 2000)) (internal quotation marks omitted). Here, RTS may claim immunity under § 2924(d). Thus, it has "no interest in the action" and is a nominal party. See Segura v. Wells Fargo Bank, N.A., No. CV-14-04195-MWF (AJWx), 2014 WL 4798890, at *4 (C.D. Cal. Sept. 26, 2014) (holding that

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 8

defendant trustee was a nominal party because it was immune from liability under California law); <u>Perez</u>, 929 F. Supp. 2d at 1003.[4]

### 3. Amount in Controversy

As the removing party, Defendant bears the burden of showing that the amount in controversy exceeds $75,000, as its basis for removal was diversity jurisdiction.  28 U.S.C. § 1332.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  <u>Hunt v. Wash. State Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977).  If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then that property is the object of the litigation.  <u>See</u> <u>Garfinkle v. Wells Fargo Bank</u>, 483 F.2d 1074, 1076 (9th Cir. 1973); <u>see</u> <u>also</u> <u>Reyes v. Wells Fargo Bank, N.A.</u>, No. C-10-01667JCS, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010).

If the initial pleading seeks non-monetary relief, the notice of removal may assert the amount in controversy.  28 U.S.C. § 1446(c)(2)(A)(i).  In such case, the removing party bears the burden of proving the amount in controversy by a preponderance of the evidence.  28 U.S.C. § 1446(c)(2)(B).

Here, Plaintiff seeks, among other forms of relief, an "[i]njunction prohibiting any further sale of Subject Property" and "declaratory relief as the Court may deem just and proper." (Compl. at 9.)  Plaintiff also seeks to quiet title to the Property and to have the Court declare that she is the rightful owner.  (<u>Id.</u> ¶¶ 28, 29.) Accordingly, the Court looks to the value of the property as the proper measure for determining the amount in controversy.  <u>See</u> <u>Hunt</u> at 347; <u>Garfinkle</u>, 483 F.2d at 1076.

---

[4]The <u>Segura</u> court relied on Cal. Civ. Code § 2429(d) in concluding that the trustee was immune.  That statute has now been repealed.  RTS, however, is immune under a different statute, Cal. Civ. Code § 2924(d).  It could be that the <u>Segura</u> court meant to refer to § 2924(d) as well, given the similarity in the numbers. In any case, the <u>Segura</u> court stated that California law's grant of immunity to trustees rendered the trustee a nominal party.  The same reasoning applies here.

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

Plaintiff's Complaint contains no allegations regarding the value of the Property.  She does allege that in 2006 she obtained a loan of $1,040,000 from Defendant that was secured by the Property.  Even if the Property's value has decreased since then, it is unlikely that its value falls below the $75,000 jurisdictional threshold.  See Rose v. J.P. Morgan Chase, N.A., No. CIV. 2:12-225 WBS CMK, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) (holding that amount in controversy "likely" exceeded $75,000 because the property was used to secure a loan of $349,000).  "This is sufficient to suggest by a preponderance of the evidence that the amount in controversy is above $75,000."  Id.

Other courts have considered the principal balance due on the loan to determine the amount in controversy.  See, e.g., Henderson v. Nationstar Mortg. Co., No. C07-2039JLR, 2008 WL 302374, at *2 (W.D. Wash. Jan. 31, 2008) (holding that the defendant satisfied the amount in controversy requirement partly because the amount owed on the loan was $350,000); Reyes v. Wells Fargo Bank, N.A., No. C-10-01667JCS, 2010 WL 2629785, at *6 (N.D. Cal. June 29, 2010) (noting that some courts have relied on the "amount of indebtedness in foreclosure cases" to determine the amount in controversy).  Even by this measure, Defendant has met its burden by a preponderance of the evidence.  The Notice of Default attached to Plaintiff's Complaint states that she owes $160,314.05 on the loan that is secured by the Property, which is well in excess of the $75,000 requirement.  (Compl. Ex. C.)

## B.   Motion to Dismiss
### 1.   Violation of Cal. Civ. Code § 2923.55

Under § 2923.55(B)(1)(b), a mortgage servicer must send the borrower a "statement that [she] may request" certain loan documents, including a copy of the borrower's promissory note and a copy of the deed of trust.  Plaintiff alleges Wells Fargo violated this statute because it failed to provide her with the documents "listed in . . . subsection (B)."  (Compl. ¶ 23.)  "Specifically, Plaintiff has not received a true and correct copy of the Original Note, nor a reinstatement quote."  Id.

Plaintiff has failed to state a claim for relief because the statute does not entitle her to the documents listed in subsection (B).  It only entitles her to a "statement that [she] may request" such documents.  See § 2923.55(B)(1)(b).  Plaintiff does not allege that Wells Fargo failed to provide her with this statement.  Thus, Plaintiff's first

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

claim should be dismissed for failure to state a claim upon which relief can be granted.

### 2. Quiet Title

Under Cal. Civ. Proc. Code § 761.020, a plaintiff who seeks to quiet title to property must include in her complaint (1) a description of the property, (2) the title of the plaintiff and the basis for such title, (3) the adverse claims to title, and (4) a date by which determination is sought. In California, a quiet title claim also "requires an allegation that the plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" See Ruiz v. Sun Trust Mortg., Inc., No. CV F 12-0878 LJO BAM, 2012 WL 3028001, at *14 (E.D. Cal. July 24, 2012) (quoting Kelley v. Mortg. Elec. Registration Sys., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 28 Cal. 637, 649 (1934).

Here, Plaintiff has failed to state a claim for relief for two reasons. First, she has not alleged in her Complaint "the date as of which the determination is sought," per Cal. Civ. Proc. Code § 761.020. More importantly, she does not allege and the Complaint does not indicate that she has paid the amount due on her loan. Indeed, the Notice of Default attached to her Complaint states that her loan is in arrears of $160,314.05. (Compl. Ex. C.) Her quiet title therefore fails as a matter of law.[5]

### 3. Violations of Cal. Civ. Code § 2923.6 and § 2923.7

Under Cal. Civ. Code § 2923.6, a mortgage servicer may not record a notice of default without first making a written determination that the borrower is not eligible for a loan modification. Additionally, under Cal. Civ. Code § 2923.7, a mortgage

---

[5]Defendant seeks to dismiss Plaintiff's quiet title claim because she has not joined certain "indispensable parties" to the grant deed at issue. Such parties (Rodrigue Colaianni and Lisa Leroy) allegedly transferred the Property to Wells Fargo Home Mortgage. (Mot. to Dismiss (Doc. 14) at 2). Defendant, however, concedes that it is still investigating the validity of this transaction. (Mot. to Dismiss at 2 n.2.) As the Court has dismissed the quiet title claim on other grounds, it does not address whether a failure to join is a proper basis for dismissal.

servicer should assign to the borrower a single point of contact who can service her modification request.

A plaintiff, however, "may not maintain a suit for money damages" for violations of such statutes unless (1) a trustee's deed upon sale has been filed or (2) a foreclosure has taken place.  See Gutierrez v. Wells Fargo Bank, N.A., No. C-15-2984 EMC, 2015 WL 5013309, at *2 (N.D. Cal. Aug. 24, 2015); Gonzales v. Citimortgage, Inc., No. C-14-4059 EMC, 2015 WL 3505533, at *2 (N.D. Cal. June 3, 2015).  Plaintiff has not alleged either in her Complaint; indeed, it appears that  the Property has not yet been sold in foreclosure proceedings.  (Reply Supporting Mot. To Dismiss at 4.)  To the extent that she claims money damages for violations of either statute, her claims are dismissed.

"[I]njunctive relief is available to enforce the procedural requirements of [§ 2923.6 and § 2923.7]" if (1) a loan modification request "is still pending" and (2) where the violations are alleged to be "material."  See Gutierrez, 2015 WL 5013309, at *2.  Although plaintiff may have met the materiality requirement by pleading that she would have obtained a loan modification had Wells Fargo followed proper procedure, she has not alleged any facts indicating that she filed a loan modification request, let alone that one is still pending.  As such, the Plaintiff's claims under § 2923.6 and § 2923.7 are dismissed.

### 4.  Unfair Business Practices

Plaintiff alleges that the "aforementioned acts" in her Complaint constituted unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.  (Compl. 37.)  As stated above, however, Plaintiff's claims have been dismissed for failure to state a claim upon which relief can be granted.  Because Plaintiff only re-characterizes her previously dismissed claims as unfair business practices, it follows that her claim of unfair business practices is dismissed as well.

## IV.  LEAVE TO AMEND

Having dismissed all of Plaintiff's claims, the Court now considers whether to grant Plaintiff leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits,

EDCV 15-01313-VAP (KKx)
JODI LEE v. WELLS FARGO BANK, N.A., ET AL.
MINUTE ORDER of September 24, 2015

rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. at 1130 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Accordingly, leave to amend should be denied only when allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

The Court recognizes that Plaintiff has not previously amended her Complaint. In consideration of this, the Court grants Plaintiff leave to amend all four of her claims.  Nonetheless, given that the evidence demonstrates Plaintiff is not current in her loan payments and that the Property has not yet been sold, the Court expresses doubt as to whether she can amend her claims.  Plaintiff's First Amended Complaint shall be submitted no later than October 5, 2015.

## V.  CONCLUSION

Defendant Wells Fargo properly removed the case to federal court because (1) it did not need consent to remove from its co-defendant RTS and (2) it satisfied the amount in controversy requirement.

Furthermore, Defendant's Motion to Dismiss is granted because Plaintiff has not alleged that she can tender the amount due on her loan or that her Property has been sold.  Plaintiff is nonetheless given leave to amend her Complaint because she has not previously done so.

**IT IS SO ORDERED.**